We'll move on to the fourth case of the morning, Jones against Ramos and others, Appeal Number 20-2017. And we'll hear first from Mr. Keller. It please the court. My name is Bill Keller and I represent the appellant Kirk Jones. Mr. Jones was involved in an automobile accident back in actually October of 2016. He filed suit in October of 2018 in the New Jersey District Court. After 90 days had passed and there was not service on any of the defendants, the New Jersey District Court then gave a show cause order for service to be completed by March 5th. On March 5th, a motion to change venue was filed and the case was transferred and not dismissed, but transferred to the Northern District of Indiana. At that point, each of the defendants was also given a copy of the change of venue order. Thereafter, one of the defendants appeared in the action and filed a motion to dismiss. Shortly thereafter, I appeared in the action, served all the defendants and opposed the motion to dismiss. We had six months later after service, we had oral argument on the motion to dismiss. Thereafter, the district court judge dismissed the case for failure to serve. And there was one other issue obviously was the summons issue brought up by the defendant and maybe I'll address that a little bit later. But the court dismissed the case. We timely filed a motion for reconsideration, which was also denied and this appeal followed. As you can tell from my briefing, Judge Lichty went through the Seventh Circuit analysis from the Board of Chicago case and he weighed the factors, noting that this case was one that if he dismissed, it was going to be a dismissal essentially with prejudice because the statute of limitations has run.  What we've asked this court to do is to look at the Milan case, which was from the Fifth Circuit, which heightens the standard for a dismissal with prejudice and requires three more factors. One of which is whether the statute of limitations is gonna run, it looks at the actual conduct of the party and allowing this to happen, whether it was just negligence or whether the conduct raises to an intentional violation or intentional bad conduct. And it also looks at whether there was actual prejudice to the defendant. Mr. Keller, do you agree that we would have to adopt the law in this Fifth Circuit case to find that the district court abused its discretion here in light of our prior law, including Cardenas and Student Association? Your Honor, as much as I have tried to look through things and I obviously hate to concede such points, but when I read the Troxel case and I read this court's Seventh Circuit previous orders, I think I'm tied in a box here because Judge Lichty did analyze each of the seven factors. I haven't found an error of a fact that he raised. Now, I certainly disagree. And it's abuse of discretion. So even though we may disagree and we may have done something different, the abuse of discretion is a pretty high standard. Yes, Your Honor. And I think that's why, obviously, as you can see in our briefing and even in our reply briefing, that's really where the focus was, is looking at this penalty of dismissal and how, it's a big penalty for my client. He doesn't get to- Or it's setting up a malpractice claim against his New Jersey lawyer. Well, certainly, that's up for my client to decide. I don't wish that upon anybody, any lawyer that's working on a criminal case. Nobody wishes it upon anybody, Mr. Keller. But we have, and I understand the reasons to wait until the statute is nearly run, but you gotta be careful at that point. And while there are a lot of cushions and guardrails in place, some of them are explicitly discretionary rather than mandatory. And while I might not have handled this the way Judge Lichty did, it's pretty hard to see an abuse of discretion here. Yes, Your Honor. And I think, again, that's why we're asking this court to review precedent from the Fifth Circuit and adopt the three factors there, whether or not this involved a delay by the plaintiff. I'm sorry. As a practical matter, it would basically require prejudice, the defense to show prejudice, right? That would be one of the factors. They would have to show some prejudice. There would have to be, or there's three factors. The other would be delay by intentional conduct. I don't think there was any intentional conduct here. I mean, the counsel served the change of venue orders on each of the defendants. I mean, I wish he would have just put the complaint and summons in the same envelope and we wouldn't potentially be here. So I don't think it rises to intentional conduct. It's just some, I think it's more simple negligence. And the other factor would be delay by the plaintiff himself and in this case, Mr. Jones, he's the innocent victim not only of being in an auto accident, but also being here today. So we would ask that the court weigh those factors and based on the fact that no facts would suggest any of those factors are here, send the court the case back for substantive trial on the merits. I believe that I reserve some time for rebuttal and I'm past that, so. Okay, it's up to you, Mr. Keller. Thank you very much. If you want to reserve the rest, that's fine. Mr. Adler. Good morning, your honors and may it please the court. I'm Jared Adler. I represent the defendant's appellees, Kevin Ramos and Mario Ramos. And I'm also here arguing on behalf of the third appellee, Daniel Waterhouse today. If I may jump straight into Judge Saineev's question with regard to the abuse of discretion standard and adopting the Fifth Circuit, I believe that's correct that to grant the plaintiff the relief that he seeks in this instance would be to go against what has been the long established law within this circuit. From my position, I believe that the law is sound. The factors set up in the Cardenas versus City of Chicago case are not exhaustive, but they're a thorough list of factors for a trial court to consider when the district judge has to decide when presented with the acknowledging, we have to acknowledge rare circumstance that these kinds of facts come to light where a summons is deficient or not even served. The facts of this matter just, I appreciate my opposing counsel and his comments with respect to Judge Leakey's decision here is reasonable. And the Coleman versus Milwaukee Board of School Directors case makes clear that even if the Seventh Circuit were to decide that they might have done it differently, that is not an abuse of discretion. Judge Leakey thoroughly went through the various factors. He even as part of the motion to reconsider, he denied the motion to reconsider except to the small point that he revised it to find that there was more prejudice than he had originally ruled on against the defendants with respect to that and that the additional evidence that the plaintiff provided with respect to the motion to reconsider actually further supported the decision to have the case dismissed for violation of four M. I won't begrudge to go through an extensive discussion of the facts except the fact to know that the rules require 90 days, the plaintiff's attorney, the plaintiff did nothing within those 90 days. He was- Mr. Adler, is there any evidence that any defendant was prejudiced by the delay in service in this case? As you could recognize, your honor, the posture of this case, it was immediately identified the summons issue and the service issue. So there has been no discovery in this case. Very, very little, I'll say that- Did the defense, excuse me, but did the defense motion argue any prejudice? The defense motion argued prejudice with respect to the time, that memory grows stale within this time, that certain evidence can be lost. This case hasn't progressed such that we could identify particular witnesses that may no longer be available because we never got to that point. So in that sense, the question, or the answer to your question, your honor, is that more in the 30,000 foot view, the different things that we could acknowledge in every case that might prejudice a defendant that has to go this long. And I think that's one of the public policy reasons why we have a statute of limitations where it is, is because to ask a defendant to defend a case so long after the incident inherently creates prejudice. Yeah, but I understand your point, but it would be pretty hard for us to reverse if the district judge had decided to grant a further extension here, right? If the judge had decided to grant a further extension under the abuse of discretion standard, I agree that it would be very difficult to reverse. That would be the same reason why I think it would be difficult to reverse here when the judge thoroughly considered the law, thoroughly considered the facts and determined that there was no good cause and that this was a circumstance in which a permissive extension that Rule 4M allows just doesn't go for. And I would just finish off with that, that many of the cases cited in the briefing by the parties, the Cardenas case, Troxell, Coleman, and Legas, in all of those instances, the court has found that a permissive extension was not warranted. And in all of those cases, there was attempts made. Maybe they served the wrong party. Maybe they forgot a fee. There are different facts for each of the cases, but in all of those cases, there were attempts made by the plaintiff to attempt to serve within the timeframe of Rule 4M. They just were not able to do so. However, the court still found that a permissive extension was not warranted under that. I believe that the facts are more egregious in this case. The plaintiff's counsel did nothing, that there was nothing done until Mr. Keller came into the case, to be frankly, once he finally appeared and he was able to execute service in less than a week. That just so happened to be more than 240 days after the complaint had been filed. If I may switch gears, in addition to Rule 4M and Rule 12b-5 for insufficient service of process, the defense has contended that this lawsuit was not timely commenced under Indiana law with respect to Rule 12b-6 for failure to state a claim. And this goes right to the summons. Indiana law requires, for purposes of a statute of limitations, which all parties agree is applicable here, that you must have a complaint, the filing fee, and a summons. And there's no dispute with the Smith versus the State of Mitchell case that under Indiana law, if a case is filed here in Indiana, you must comply with the requirements of both Rule 3 and 4, meaning not only a complaint, summons, and filing fee. We've got an eerie problem here, of course, Mr. Adler, right? And where I have trouble here is understanding why Indiana's, the nuances of Indiana Trial Rules 3 and 4 should govern the practice in the United States District Court for the District of New Jersey. Sure. And have we ever said that? Has the Indiana courts ever said that you have to comply with Indiana rules in foreign court systems in order to comply with the statute of limitations in Indiana? It's an excellent question, Judge Hamilton. And my research, and cited in the brief, the Atkinson case from New Jersey is the only case to consider this question. And in that case, the District of New Jersey did use, similar to the facts of this case, a largely blank summons. And the New Jersey District Court had to determine, did it comply for purposes of the statute of limitations? And that court used the Indiana rules to find that the summons was defective. But did not dismiss the case. So the case did not turn on that question, correct? The court held that it would have turned on that question but for the fact that they did not know when the clock started because of the issue of whether or not there's the discovery rule applying in that case. Okay, let me just ask you my biggest problem with this case, with that argument in this case, which is, it seems to me wildly impractical to say that Indiana's procedural rules have to be complied with in a foreign court in order to satisfy the Indiana statute of limitations. And I can go with hypotheticals in which maybe there are four different states that could have their substantive law apply to a particular tort, for example. Four different statutes of limitations, four different standards for commencing or proceeding to satisfy the statute of limitations. And which one do you comply with in the forum state as opposed to just comply with the procedures in the forum court? Yes, if I may, the only case that has dealt with that issue was that Atkins case from the district of New Jersey. And that court chose to use the Indiana rules three and four. My position is that even using the federal rules, the summons is still deficient. Indeed, the district judge in this instance, in footnote two on page eight of his opinion- Is that the don't try this at home footnote? Yes, that's a fair characterization, your honor. Even though he didn't like it, the judge in this matter expressly stated that for a summons to be issued, it needs to meet the requirements of rule 4A, the federal rule 4A, and that the summons did not in this. However, the fact that the summons was sealed and signed by the clerk of the New Jersey district court, the district judge here, and principles of comedy and deference deferred to the summons being properly completed under rule four. I would disagree with that characterization. However, I see my time's approaching end. If I may just finish this thought, please, your honor. Please go ahead. I would disagree with that characterization to say that the summons was properly completed. First, not only because the requirements specified in rule 4A are not present, but also because when the clerk signed and sealed it and sent it back to the plaintiff, the docket entry specifically identifies what is still missing from the summons and what the plaintiff still needs to do. Arguably, the plaintiff could have relied upon that and filled out the remainder of the summons that they failed to do before they sent it to the court and then served it. However, the plaintiff did none of those things. They did not finish completing the summons. So in my opinion, agreeing with your concerns for Erie and the different states, I believe that the summons is deficient under federal rule four, which is a universally applicable for all federal courts. And that for the same reasons, insufficient summons, because Indiana law requires, for its statute of limitations, a completed summons, it did not comply with the federal requirements of rule four, therefore it's insufficient. Thank you, your honor. Thank you, Mr. Adler. Rebuttal, Mr. Keller. Thank you, your honor. On the summons issue, obviously both litigants on both sides here, we're in the unenviable position of arguing on one hand, the judge got it right. And the other, he got it wrong. But when it comes to the summons, as someone that's practiced in multiple states and different state laws, there has to be some type of consistency. And that's where you apply the federal rule to the summons issue for a federal court, such as in this case, if you're filing in New Jersey, and the case could have remained in New Jersey, and the Indiana issue wouldn't have come up. Each, some courts are different. As I pointed out in the briefing, the state of Washington. It might've come up. I'm trying to picture myself as a district judge in New Jersey, being told that a summons is not sufficient. And instead we needed to comply with Indiana's state trial rules. But be that as it may. Yeah, I mean, so many states are different. Some you file a summons, others you just, I've had some where I just draft and sign it myself. I don't need to send it to the clerk for signature. That's why we have the federal rule. The clerk signs off on it. And the clerk sent these all to counsel at that point. Why should that be sufficient given the docket entry? If there were no docket entry, it would be a different argument. But given the docket entry about what was missing in the summons, why should the clerk's signature and seal be sufficient? Well, because at that point, it can be served on the defendant. And if a litigant gives something to the clerk, and it's signed, it's expecting that it's ready to go. At that point, either the clerk should have rejected it or not. But once it's given to the attorneys as ready to serve, I think that should meet the threshold. Otherwise, we serve it. So the district court's notice of the deficiency shouldn't have any impact on that? Well, obviously, I don't know what the district court of New Jersey, what their standard policy is. I mean, I think if we go back and look at that and say, if this is widespread there in New Jersey, and this is just what they do in standard of practice, I mean, we could have hundreds of new lawsuits being tossed out because people were complying with what was going on in the clerk's office. I think that raises a lot of problems. I see my time's up. Thank you. All right. Thank you, Mr. Keller. Thank you, Mr. Adler. Pleasure to have you both in court, and we'll take the case under advisory.